**Maria Del Carmen Santoyo GARCIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72085.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 31, 2006.

Alexander H. Lubarsky, Esq., Community Legal Centers, San Mateo, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Arthur L. Rabin, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Maria Del Carmen Santoyo Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Santoyo Garcia failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Accordingly we do not consider Santoyo Garcia's contentions that the IJ abused her discretion in considering the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

evidence and applying the hardship standard. *See id.* ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Santoyo Garcia also contends that the IJ violated due process by her hostile and abusive conduct during the proceeding and by requiring Santoyo Garcia's attorney to file a closing argument. Contrary to Santoyo Garcia's contention, the proceedings were not "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, she failed to demonstrate prejudice. *See id.* (requiring prejudice to prevail on a due process challenge).

Finally, Santoyo Garcia's due process challenge to streamlining is unavailing because the BIA did not streamline her appeal. To the extent Santoyo Garcia contends the BIA did not adequately explain its decision, we do not reach the contention because we lack jurisdiction to review the merits of the decision. *See Fernandez v. Gonzales,* 439 F.3d 592, 604 (9th Cir.2006) (because court lacks jurisdiction to review hardship determination, court will not evaluate whether hardship determination was adequately explained)

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**